UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-63-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CHERRY KRISTAL DEMORE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Notice of Appeal and Motion to Revoke Detention Order. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

On March 20, 2018, Magistrate Judge David Keesler held a detention hearing and entered an Order of Detention (#9). In that Order, Judge Keesler determined that by clear and convincing evidence "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" or "reasonably assure the Defendant's appearance as required." (#9) at 2. Specifically, Judge Keesler noted the following reasons for detention: the weight of evidence against defendant is strong, defendant is subject to a lengthy period of incarceration if convicted, defendant's prior criminal history, defendant's history of alcohol or substance abuse, and defendant's prior violations of probation, parole, or supervised release. (#9) at 3. Finally, Judge Keesler's Order noted that the probation office recommends detention and that defendant should receive drug treatment while in jail. (#9) at 3.

The defendant's motion (#11) asks the court to review the magistrate judge's Order of

-1-

Detention (#9) on the basis that the government lacked sufficient grounds for its motion to detain the defendant and that other factors should have been considered so that it was not necessary to detain the defendant. See (#11) at 2-5.

In accordance with Section 3145(c), the court has promptly considered the appeal from the detention Order (#9) in this case. The Bail Reform Act of 1984 (hereinafter "the Act") authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. In order to detain a defendant pending trial, the judicial officer must "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in section 3142(g). Those factors include:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001).

The court has reviewed both the written Order (#9) and the recording of the detention hearing (#10). As did Judge Keesler, the court has closely reviewed all the evidence of record. The court has also considered defendant's appeal *de novo*.

The nature and circumstances of the offenses charged strongly favor detention. The charges against defendant involve a conspiracy to traffic in illegal narcotics (such as methamphetamine

and cocaine) and a felon in possession of multiple firearms. Felony possession of a firearm alone would be sufficient to justify detention, as the Western District of North Carolina generally regards the charges of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, as a qualifying crime of violence for 18 U.S.C. § 3142(f)(1)(A) purposes. In conjunction with the other charges, including methamphetamine trafficking conspiracy and possession with intent to distribute methamphetamine and cocaine, detention is highly appropriate.

The weight of the evidence again supports detention. It was proffered by the government at the hearing that two instances involving defendant led to the charges in this matter. First, while defendant was present at a probation visit of another individual, defendant tossed a package of methamphetamine on the floor in the presence of the probation officer. Second, defendant was a passenger in a car in which two firearms, cocaine, and a large amount of methamphetamine were found. Defendant waived her *Miranda* rights and spoke to agents, admitting that she was returning from Atlanta where they had bought and picked up drugs, that she'd participated in an earlier trip, and that she'd handled both firearms in the car. While the court notes that defendant has pled not guilty and is presumed innocent of these crimes, the court must look at the weight of the evidence in the instant case and examine whether such evidence favors detention under the second Stewart factor. The court finds that the weight of the evidence laid out by the government at the hearing, particularly including defendant's own admissions, favors detention. See (#10). Defense counsel's twofold argument in response is that the idea that defendant would drop a bag of drugs in front of a probation officer "sounds far-fetched" and that defendant was merely a passenger in the vehicle in which the drugs and guns were found and not their possessor. (#11) at 3-4. Such arguments are unavailing on this issue and insufficient to rebut the presumption of detention for such charges.

The history and characteristics of the person do not strongly favor detention, but neither are they insignificant. Defendant admits that she does have a prior felony conviction and three prior traffic-related convictions from over ten years ago, as well as at least one probation violation and a misdemeanor simple assault from almost twenty years ago. The court also notes that defendant claims she was raised and has spent most of her life in the Western District of North Carolina and that her family and fiancé reside here. Thus, while this factor does not strongly support detention, there are facts that support detention and are far from dispositive.

The presence of defendant's family and fiancé, as well as defendant's willingness to submit to electronic monitoring or unannounced drug screenings, is noted, but that is only part of the inquiry. The court is also concerned about the potential danger to the community posed by the defendant if she were to be released prior to trial. The court finds that the defendant's arrest for possession of firearms here favors detention. Further, defendant admits that she was using drugs not long before her arrest in this matter. (#11) at 4.

After *de novo* review, and having considered the Section 3142(g) factors, this court concludes that no condition or combination of conditions will assure the safety of the community or defendant's appearance as required. Accordingly, the court will deny the defendant's motion and affirm the defendant's detention. As the motion will be denied, there is no need for a hearing regarding detention. Finally, the court also recommends that defendant be able to obtain drug treatment during detention.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Notice of Appeal and Motion to Revoke Detention Order (#11) is **DENIED**, and the Order of Detention (#9) in this matter is

**AFFIRMED** for the reasons stated above. The clerk of court is respectfully instructed to forward a copy of this Order to detention authorities so that they may be made aware of the court's recommendation that the defendant is able to participate in available drug treatment programs for which she may qualify.

Signed: April 5, 2018

Max O. Cogburn Jr
United States District Judge