UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-63-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CHERRY KRISTAL DEMORE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence. (Doc. No. 31), and on the Government's Motion to Dismiss, (Doc. No. 33).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its motion to dismiss, Defendant did not exhaust her administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Reduce Sentence, (Doc. No. 31), is **DENIED** without prejudice to Defendant to refile the motion after she has exhausted her administrative remedies with the BOP. To this extent, the Government's Motion to Dismiss, (Doc. No. 33), is **GRANTED**.

Signed: November 18, 2022

Max O. Cogburn Jr.
United States District Judge